1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    RACHEAL GRANADOS,

11              Plaintiff,                    No. CIV S-09-2233 LKK DAD (TEMP)

12       vs.

13    MICHAEL J. ASTRUE,
14    Commissioner of Social Security,

15              Defendant.                    FINDINGS & RECOMMENDATIONS

16    _____/

17              This social security action was submitted to the court without oral argument for

18    ruling on plaintiff's motion for summary judgment or remand and defendant's cross-motion for

19    summary judgment.  For the reasons explained below, the court recommends plaintiff's motion

20    for summary judgment or remand be granted, the Commissioner's cross-motion for summary

21    judgment be denied, and the case be remanded under sentence four of 42 U.S.C. § 405(g)

22    for further proceedings.

23                           **PROCEDURAL BACKGROUND**

24              On October 17, 2006, plaintiff filed an application for Supplemental Security

25    Income (SSI) under Title XVI of the Social Security Act (the Act), alleging disability beginning

26    on October 14, 2006.  (Transcript (Tr.) at 96-102, 108.)  The application was denied initially and

1

upon reconsideration.  (Tr. at 68-76.)  A hearing was held before Administrative Law Judge

(ALJ) Michael J. Seng on October 1, 2008.  (Tr. at 18-64.)  Plaintiff was represented by counsel

and testified at the hearing.  (Tr. at 20-62.)  In a decision dated January 27, 2009, the ALJ found

that plaintiff was not entitled to SSI benefits.  (Tr. at 9-17.)  The ALJ entered the following

findings:

> 1.  The claimant has not engaged in substantial gainful activity since October 17, 2006, her  application date.
>
> 2.  The claimant has the following severe impairments: bilateral patellofemoral joint arthritis/residuals of prior knee surgeries, degenerative changes of the lumbar spine, and obesity (20 CFR 416.921 et seq.).
>
> 3.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926).
>
> 4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that she should avoid climbing ladders/ropes/scaffolds and concentrated exposure to heights and moving machinery.
>
> 5.  The claimant is unable to perform any past relevant work (20 416.965).
>
> 6.  The claimant was born on April 10, 1973 and was 33 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).
>
> 7.  The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8.  Transferability of job skills is not material to the determination of disability because reference to the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not she has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

/////

2

1          10.  The claimant has not been under a disability, as defined in the
        Social Security Act, since October 17, 2006, the date the
2          application was filed(20 CFR 416.920(g)).

3  (Tr. at 11-17.)

4          On July 17, 2009, the Appeals Council denied plaintiff's request for review of the

5  ALJ's decision.  (Tr. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by

6  filing the complaint in this action on August 12, 2009.

7                                     **LEGAL STANDARD**

8          The Commissioner's decision that a claimant is not disabled will be upheld if the

9  findings of fact are supported by substantial evidence in the record as a whole and the proper

10  legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973

11  (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

12  The findings of the Commissioner as to any fact, if supported by substantial evidence, are

13  conclusive.  Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such

14  relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

15  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones

16  v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401

17  (1971)).

18          A reviewing court must consider the record as a whole, weighing both the

19  evidence that supports and the evidence that detracts from the ALJ's conclusion.  Jones, 760 F.2d

20  at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

21  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

22  substantial evidence supports the administrative findings, or if there is conflicting evidence

23  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive,

24  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

25  improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d

26  1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Section 416.920.  Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff argues that the ALJ committed three principal errors in finding plaintiff not disabled:  (1) the ALJ improperly discredited plaintiff's testimony regarding her subjective complaints; (2) the ALJ failed to properly evaluate plaintiff's mental impairment; and (3) the ALJ improperly used the Medical-Vocational Guidelines ("the grids") to find plaintiff is not

/////

/////

4

1    disabled.  Plaintiff's third contention is dispositive and requires remand of this matter for further

2    proceedings.[1]

3            Plaintiff asserts the ALJ committed error in relying on the grids to establish there

4    is other work in the national economy that plaintiff can perform.  The grids are in table form.

5    The tables present various combinations of factors the ALJ must consider in determining whether

6    other work is available.  See generally Desrosiers, 846 F.2d at 577-78 (Pregerson, J., concurring).

7    The factors include residual functional capacity, age, education, and work experience.  For each

8    combination, the grids direct a finding of either "disabled" or "not disabled."

9            There are limits on using the grids, an administrative tool to resolve individual

10    claims that fall into standardized patterns:  "[T]he ALJ may apply [the grids] in lieu of taking the

11    testimony of a vocational expert only when the grids accurately and completely describe the

12    claimant's abilities and limitations."  Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985).  See

13    also Heckler v. Campbell, 461 U.S. 458, 462 n.5, 103 S. Ct. 1952, 1955 n.5 (1983).  The ALJ

14    may rely on the grids, however, even when a claimant has combined exertional and nonexertional

15    limitations, if nonexertional limitations are not so significant as to impact the claimant's

16    /////

17    /////

18    ////

19    /////

20    /////

21    /////

22

23    [1]  As discussed below, because of the ALJ's improper use of the grids, this matter must be

24    remanded.  Plaintiff's other arguments, therefore, need not be reached.  However, the court notes that plaintiff did not allege a mental impairment in her application for disability benefits, plaintiff

25    did not list any medications being taken for psychiatric problems, and the ALJ made clear at the hearing that if plaintiff intended to pursue such a claim, it was incumbent on plaintiff's counsel

26    to submit the medical records supporting such a claim, yet counsel failed to do so. (Tr. at 60-61, 112, 148, 166.)

exertional capabilities.[2] <u>Bates v. Sullivan</u>, 894 F.2d 1059, 1063 (9th Cir. 1990), <u>overruled on other grounds</u>, <u>Bunnell v. Sullivan</u>, 947 F.2d 341 (9th Cir. 1991) (en banc); <u>Polny v. Bowen</u>, 864 F.2d 661, 663-64 (9th Cir. 1988); <u>see also</u> <u>Odle v. Heckler</u>, 707 F.2d 439 (9th Cir. 1983) (requiring significant limitation on exertional capabilities in order to depart from the grids). "When a claimant's nonexertional limitations are 'sufficiently severe' so as to significantly limit the range of work permitted by the claimant's exertional limitations, the grids are inapplicable . . . . In such instances, the Secretary must take the testimony of a vocational expert and identify specific jobs within the claimant's capabilities." <u>Burkhart</u>, 856 F.2d at 1340 (quoting <u>Desrosiers v. Sec'y of Health & Human Servs.</u>, 846 F.2d 573, 577 (9th Cir. 1988)). <u>See also</u> <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (holding that "an ALJ may rely solely on the Medical-Vocational Guidelines (the 'grids') only when a claimant can perform the full range of applicable work").

Here, the ALJ used grid rule 201.28 in finding plaintiff was not disabled. (Tr. at 16.) This rule applies to a younger individual, high school graduate or more, skills not transferable and with a sedentary residual functional capacity. In applying this rule, the ALJ specifically found that the additional nonexertional limitations assessed by the ALJ has little effect on the occupational base of unskilled sedentary work. <u>Id.</u> However, given the ALJ's finding that plaintiff should avoid concentrated exposure to moving machinery, (Tr. at 12), the finding of insignificant erosion of the sedentary base is clear error. The regulations note that

---

[2] Exertional capabilities are the "primary strength activities" of sitting, standing, walking, lifting, carrying, pushing, or pulling. 20 C.F.R. § 416.969a (b) (2003); SSR 83-10, Glossary; <u>compare</u> <u>Cooper v. Sullivan</u>, 880 F.2d 1152, 1155 n. 6 (9th Cir.1989). Non-exertional activities include mental, sensory, postural, manipulative and environmental matters that do not directly affect the primary strength activities. 20 C.F.R. § 416.969a (c) (2003); SSR 83-10, Glossary; <u>Cooper</u>, 880 F.2d at 1155 & n. 7 (citing 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e)). "If a claimant has an impairment that limits his or her ability to work without directly affecting his or her strength, the claimant is said to have nonexertional (not strength-related) limitations that are not covered by the grids." <u>Penny v. Sullivan</u>, 2 F.3d 953, 958 (9th Cir. 1993) (citing 20 C.F.R., pt. 404, subpt. P, app. 2 § 200.00(d), (e)).

eighty-five percent of the unskilled sedentary jobs "are in the machine trades[3] and benchwork[4] occupational categories." 20 C.F.R. pt. 404, subpt. P, app. 2, rule 201.00(a).  It is apparent from the definitions of these occupational categories that exposure to moving machinery is involved in a significant number of the jobs administratively noticed by this grid rule.  Because plaintiff's nonexertional limitation of avoiding moving machinery significantly limits the range of unskilled sedentary work available to plaintiff, remand is appropriate so that the testimony of a vocational expert may be taken.

## CONCLUSION

For the foregoing reasons, this matter should be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion for summary judgment or remand (Doc. No. 21) be granted;

---

[3]   The United States Dept. of Labor, Employment & Training Admin., Dictionary of Occupational Titles (4th ed. 1991) ("DOT") is routinely relied on by the Social Security Administration "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy."  Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990).  The DOT classifies jobs by their exertional and skill requirements.   The DOT is a primary source of reliable job information for the Commissioner. 20 C.F.R. § 404.1566(d)(1).  The DOT notes the category of machine trades "includes occupations concerned with the operation of machines that cut, bore, mill, abrade, print, and similarly work such materials as metal, paper, wood, plastics, and stone.  A worker's relationship to the machine is of primary importance. The more complicated jobs require an understanding of machine functions, blueprint reading, making mathematical computations, and exercising judgment to attain conformance to specifications.  In less complicated jobs, eye and hand coordination may be the most significant factor. Installation, assembly, repair, and maintenance of machines and mechanical equipment and weaving, knitting, spinning, and similarly working textiles are included."  DOT, 6, Machine Trades Occupations.

[4]   Benchwork includes "occupations concerned with the use of body members, handtools, and bench machines to fit, grind, carve, mold, paint, sew, assemble, inspect, repair, and similarly work relatively small objects and materials, such as jewelry, phonographs, light bulbs, musical instruments, tires, footwear, pottery, and garments.  The work is usually performed at a set position in a mill, plant, or shop, at a bench, worktable, or conveyor.  At the more complex levels, workers frequently read blueprints, follow patterns, use a variety of handtools, and assume responsibility for meeting standards.  Workers at the less complex levels are required to follow standardized procedures."  DOT, 7, Benchwork Occupations.

1      2.  Defendant's cross-motion for summary judgment (Doc. No. 25) be denied; and

2      3.  This matter is remanded for further proceedings consistent with these findings

3  and recommendations.

4      These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

6  fourteen days after being served with these findings and recommendations, any party may file

7  written objections with the court and serve a copy on all parties.  Such a document should be

8  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

9  objections shall be served and filed within seven days after service of the objections.  The parties

10  are advised that failure to file objections within the specified time may waive the right to appeal

11  the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  DATED: January 12, 2011.

13

14  _____

15  DALE A. DROZD
      UNITED STATES MAGISTRATE JUDGE

16  jmm
     granados.ss

17

18

19

20

21

22

23

24

25

26

8