```
1  BENJAMIN B. WAGNER
   United States Attorney
2  LUCILLE GONZALES MEIS
   Regional Chief Counsel, Region IX
3  Social Security Administration
   JACQUELINE A. FORSLUND
4  Special Assistant United States Attorney

5       333 Market Street, Suite 1500
        San Francisco, California  94105
6       Telephone:  (415) 977-8932
        Facsimile:  (415) 744-0134
7       E-Mail:  Jacqueline.A.Forslund@ssa.gov

8
   Attorneys for Defendant
9
                    UNITED STATES DISTRICT COURT
10
                    EASTERN DISTRICT OF CALIFORNIA
11
                         SACRAMENTO DIVISION
12
```

| | |
|---|---|
| RACHAEL H. GRANADOS, | CIVIL NO. 2:09-CV-2233 LKK DAD |
| Plaintiff, | |
| v. | STIPULATION AND PROPOSED ORDER SETTLING ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of THREE THOUSAND SIX HUNDRED FOUR dollars and 82 cents ($3,604.82).  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

1

After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to Astrue v. Ratliff, – S.Ct. – , 2010 WL 2346547 (U.S. June 14, 2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees and expenses to be made directly to Iam M. Sammis pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action. This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

Respectfully submitted,

Dated: March 2, 2011         */s/Ian M. Sammis*
                             (As authorized via e-mail on March 2, 2011)
                             IAN M. SAMMIS
                             Attorney for Plaintiff

Dated: March 12, 2011        BENJAMIN B. WAGNER
                             United States Attorney
                             LUCILLE GONZALES MEIS
                             Regional Chief Counsel, Region IX
                             Social Security Administration

                             */s/ Jacqueline A. Forslund*
                             JACQUELINE A. FORSLUND
                             Special Assistant U.S. Attorney
                             Attorneys for Defendant

**ORDER**

**APPROVED AND SO ORDERED.**

DATED: March 15, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE